IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:90-CR-302-1 |
| ) | |
| ) | |
| KENNETH ORLANDO LEGRAND, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release seeking a reduction in his sentence. (ECF No. 65.) The Government filed a Response opposing Defendant's motion. (ECF No. 69.) Thereafter, the Court granted Defendant's Motion for Appointment of Counsel. (ECF No. 71.) Counsel filed a Reply and supplemental materials in support of Defendant's motion. (ECF No. 77, 78.) For the reasons discussed below, Defendant's Motion for Compassionate Release, (ECF No. 65), will be dismissed.

I. BACKGROUND

This case arises from a drug trafficking ring organized and run by Defendant that was moving drugs from New York to North Carolina and Virginia.[1] (ECF No. 28, ¶ 21.) In 1990, Defendant, was indicted for drug trafficking offenses in this district and after a jury trial was

---

[1] Defendant manufactured or obtained the drugs, recruited additional participants and received the proceeds from the operation. (ECF No. 28, ¶ 21.)

convicted of conspiracy, possession with intent to distribute cocaine base and use of a minor to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846(a)(1) and (b)(1)(A), and 845b(a)(1) and (b); employing persons under 18 to possess with intent to distribute crack in violation of 21 U.S.C. § 845(b)(a)(1) and (b) and 18 U.S.C. § 2; and possession with intent to distribute cocaine base crack in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (ECF No. 28, ¶ 2.) In 1991, he was sentenced to 360 months imprisonment on each count, to run concurrently, but in 2019 he was given relief under the First Step Act and his sentence on each count was reduced to 324 months. (ECF No. 37.)

In 1991, while incarcerated on these offenses, Defendant got into a physical altercation with one of the witnesses who testified on behalf of the prosecution at Defendant's trial.[2] He was subsequently charged and convicted of retaliating against a witness in violation of 18 U.S.C. § 1513(a)(1). *United States v. Legrand*, Case No. 2:91CR186 (M.D.N.C.) In January of 1992, he was sentenced to 100 months' imprisonment to run consecutively to his previously imposed sentence. (*Id.*, ECF No. 3.)

In 1994, in the Western District of Virginia, Defendant was convicted of one count of conspiracy to carry a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 371 and one count of possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) & 2. (ECF No. 86-2; ECF 69-2 at 4.) Defendant was sentenced to 60 months' imprisonment on each count, to run consecutively to one another and his previously imposed sentences. (ECF No. 69-2 at 4.)

---

[2] The incident occurred five days after Defendant was sentenced on the drug offenses when the two men were placed together in a holding cell at Guilford County jail. (*United States v. Legrand*, Case No. 2:91CR186 (M.D.N.C.), ECF No. 6 at 2.)

Defendant's sentence in this case is 324 months of imprisonment. (ECF No. 37.) However, his aggregate sentence from the three separate cases is 544 months of imprisonment. (ECF No. 69-2 at 5.) He has currently served approximately 408 months in prison, or 75 percent of his sentence. (*Id.*) He is 58 years old with a projected release date of July 13, 2030.[3]

## II. MOOTNESS

Although not raised by the parties, the Court first addresses the question of whether the matter is moot. "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 553, 540 (4th Cir. 2013). "A case becomes moot . . . 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (internal quotations omitted) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)), abrogated on other grounds by *Stinnie v. Holcomb*, 37 F.4th 977 (4th Cir. 2022).

Under § 3582(c)(1)(A) a court "may reduce the term of imprisonment" if a defendant can establish certain conditions set forth in the statute and the reduction is supported by a consideration of the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). In his motion under § 3582(c)(1)(A), Defendant asks the Court to "reduce his sentence to 168 months and to order his immediate release from the custody of the Bureau of Prisons . . . ." (ECF No. 65 at 1, 5.) In the reply he states that changes in the "mandatory nature of the guidelines, combined with the length of his sentence and application of the 18 U.S.C. § 3553(a) factors justifies a reduced sentence." (ECF No. 77 at 10.) The computation of Defendant's

---

[3] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited on June 25, 2025.)

sentence in this case began to run on August 21, 1991. (ECF No. 69-2 at 5.)  Therefore, Defendant's 324-month sentence from this Court would have been completed well prior to the time he filed his motion for compassionate release in February 2023.

In *United States v. Payne*, 54 F.4th 748 (4th Cir. 2022), the Fourth Circuit considered a defendant's request that his completed sentence be reduced pursuant to the First Step Act. The court stated "[i]nsofar as Payne has moved for a reduction of his already-completed sentence, his request is moot because he has no continuing interest in serving less time on a sentence that he is no longer serving." *Id.* at 750; *see also United States v. Boyle*, No. 03-CR-970, 2024 WL 4836339, at *6 (E.D.N.Y. Nov. 20, 2024) (holding that court lacked jurisdiction under 3582(c)(1)(A) to retroactively reduce an already-served sentence).  While the defendant in *Payne* brought his motion under Section 404(b) of the First Step Act, the Court finds that the reasoning in *Payne* applies equally to Defendant's case.[4]  Defendant is asking the Court to reduce his term of imprisonment on a sentence from this Court which has been fully served. Just as with the defendant in Payne, "the length of time remaining on [the] sentence cannot be reduced below zero." *Id.* at 751.

The Court recognizes that unlike the defendant in Payne who was free from incarceration at the time he made his request, Defendant remains incarcerated under a sentence from another court.  However, while sentences are aggregated for BOP administrative purposes, *see* 18 U.S.C. § 3584(c), nothing under § 3584 grants a court authority to modify a sentence from another court under § 3582.  *See United States v. Vaughn*,

---

[4] Section 404(b) provides that "[a] court that imposed a sentence may . . . impose a reduced sentence" for certain covered offenses.  First Step Act, § 404(b), 132 Stat. at 5222.

4

806 F.3d 640, 644 (1st Cir. 2015) (rejecting idea that because sentences are aggregated under § 3584 the sentences are aggregated for purposes of judicial relief under § 3582); *see also United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018); *United States v. Woodard*, No. 7:96-cr-109, 2024 WL 382445, at *7 (W.D. Va. Jan. 21, 2024)(reasoning that § 3584 only aggregates sentences for administrative purposes not judicial purposes under § 3582(c)(1)). Consequently, this Court cannot grant Defendant the relief he seeks, and Defendant's motion seeking a reduction of his completed sentence is moot.

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 65), is **DISMISSED as moot**.

This, the 2nd day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge